

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

ENTERED
02/13/2013

In re: § Case No. 12-70399-M-13
SHIRLEY ROMBOUGH § (Chapter 13)

### CHAPTER 13
### AGREED ORDER CONDITIONING AUTOMATIC STAY (VEHICLE)
**(This Order Resolves Docket #60)**

1. This Order concerns the note that is secured by the Debtor(s)' vehicle and that is held, directly or in its capacity as agent for holder, by Credit Acceptance Corporation "Movant". The vehicle is a 2006 Hyundai Santa Fe, Vehicle Identification No. KM8SC13D96U058433 (the "Property"). Notices sent pursuant to this Order must be sent to Bassel & Wilcox, PLLC, P.O. Box 11509, Fort Worth, TX 76110-0509 (if to Movant") and to is Shirley Rombough, 4517 North 1st Ln., McAllen, TX 78504 (if to Debtor).

2. *By signing below, the Debtor(s) represent to the Court that the Debtor(s):*
A. *If they are a salaried or wage employee, are currently operating under a wage order or have submitted all information to the chapter 13 trustee for the presentation of a wage order to the Court.*
B. *If they are not a salaried or wage employee, are currently operating under an automated clearinghouse order or have submitted all information to the chapter 13 trustee for the presentation of an automated clearinghouse order to the Court.*

3. The parties stipulate that unpaid amounts due post-petition total $1,732.88 and that Movant should be awarded attorneys fees and costs in the amount of $0.00 (not to exceed the lesser of $650.00 or the amount of equity in the vehicle), for a total post-petition amount owed of $1,732.88 (this total is referred to as the Delinquent Payment Amount). The Delinquent Payment Amount will be reduced by any payments previously made by the Debtor(s) that have not been properly credited by Movant. Proof of any such payments must be provided to Movant within 30 days of the date of entry of this Order. Within 30[1] days of entry of this Order, the Debtor(s) must either (I) pay the Movant the Delinquent Payment Amount or (ii) file a proposed modification of any confirmed plan or must amend any proposed plan to include this amount, with interest at an annual rate of 5.25%; provided that if no amount is due, no modification must be filed. If the Debtors are required to file a modification or pay the Delinquent Payment Mount and fail to do either, it is a Final Default under this Order. At the hearing on modification of the plan, the Debtors must be current on all payments to the chapter 13 trustee pursuant to the terms of the proposed modification. If the Debtors are not current, it is a Final Default under this Order.

4. The Debtor(s) must:
A. Timely make all regular payments concerning the Property, beginning with the next regular payment due on January 30, 2013. Regular payments must be made directly to the Movant (addressed to: Credit Acceptance Corporation, 25505 W. 12 Mile Rd., Suite 3000, Southfield, MI 48034) or through the Chapter 13 Trustee, depending on the plan confirmed or proposed in this case.
B. Maintain insurance on the property and provide continuous proof of insurance to the holder of the note.
C. Make all payments due to the chapter 13 trustee after the date of this Order, with the amount of such payments being made in the amount required under the proposed modification.
D. Within 14 days of entry of this Order, provide Movant with a certificate of insurance on the vehicle.

---

[1] The number of days has been negotiated by the parties. The number of days must not exceed 60.

5. If the Debtor(s) fail to comply with paragraph 4 of this Order or make a payment by insufficient check, the Movant must give the Debtor(s) and Debtor(s)' counsel written notice by regular and by certified mail.  If the Debtor(s) fail to comply within 14 days of the date that notice was sent, it is a Final Default under this Order.  Movant is only required to send two notices of default under this order.  If there is a third failure to comply with paragraph 4, it is a Final Default and no further notice of an opportunity to cure must be given.

6. The automatic stay remains in effect until (i) there is a Final Default under this order; (ii) this case is dismissed; or (iii) the Debtor(s) receive their bankruptcy discharge.  If the stay terminates because there is a Final Default, the Movant must file a notice of termination of the automatic stay. The Debtor may challenge any notice of termination by filing a motion to set aside the notice of termination.  The motion must be filed within 14 days of the filing of the notice of termination.  Pending consideration of the motion by the Court, the Movant may repossess the Property but may not consummate a sale of the Property; provided, any repossession undertaken as a consequence of an erroneous Notice of Termination may subject Movant to damages. Any co-debtor stay terminates at the time that the automatic stay terminates.

7. If the Court denies approval of a modification proposed by the Debtor(s), the Court will reconsider Movant's requested relief from the stay.  In such an event, Movant should calendar the reconsideration for a hearing on a § 362 hearing day after the expiration of 14 days from the date on which approval of the proposed modification is denied.

SO ORDERED:

February 13, 2013         *[signature: Richard Sixtt]*

AGREED AND ENTRY REQUESTED:

| /s/Richard Habermann | /s/Stephen G. Wilcox |
|---|---|
| Richard Habermann | Stephen G. Wilcox |
| 1418 Beech Ave., Suite 132 | State Bar Number 21454300 |
| McAllen, TX 78501 | S.D. Texas Bar Number 20929 |
| State Bar No. | **BASSEL & WILCOX, P.L.L.C.** |
| ATTORNEY FOR DEBTORS | P.O. BOX 11509 |
| | Fort Worth, Texas 761110-0509 |
| | Phone 817-870-1694 |
| | Fax 817-870-1181 |
| | E-mail swilcox@basselwilcox.com |
| | ATTORNEYS FOR MOVANT |

8117-00308-341018